UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA : Case No. 8:09-CR- 417-T 30 MAP
: 21 U.S.C. § 846
: 21 U.S.C. § 841(a)
v. : 18 U.S.C. § 924(c)(1)(A)
: 21 U.S.C. § 853 - Forfeiture
MARIO BYRD and : 18 U.S.C. § 924(d) - Forfeiture
CORNELIUS WHITFIELD : 28 U.S.C. § 2461(c) - Forfeiture
:

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on a date unknown to the Grand Jury and continuing thereafter through on or about April 8, 2009, in Pinellas County, in the Middle District of Florida, and elsewhere,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

the defendants herein, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury, to possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a quantity of cocaine, and less than 50 kilograms of marijuana, controlled substances listed in Schedules I and II of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

Beginning on an unknown date and continuing through on or about April 8, 2009, in Pinellas County, in the Middle District of Florida,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

the defendants herein, did knowingly use and carry firearms during and in relation to and did knowingly possess firearms in furtherance of, violations of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged above in Count One, which allegations the Grand Jury realleges and incorporates by reference herein, that is, a drug trafficking crime for which the defendants may be prosecuted in a Court of the United States.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about April 6, 2009, in Pinellas County, Florida, in the Middle District of Florida,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a controlled substance listed in Schedules II of Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about April 6, 2009, in Pinellas County, Florida, in the Middle District of Florida,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a controlled substance listed in Schedules II of Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about April 7, 2009, in Pinellas County, Florida, in the Middle District of Florida,

**MARIO BYRD,**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a controlled substance listed in Schedules II of Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

On or about April 8, 2009, in Pinellas County, Florida, in the Middle District of Florida,

**CORNELIUS WHITFIELD,**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a controlled substance listed in Schedules II of Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about April 8, 2009, in Pinellas County, Florida, in the Middle District of Florida,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

the defendants herein, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a quantity of cocaine, and less than 50 kilograms of marijuana, controlled substances listed in Schedules I and II of Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D), and Title 18, United States Code, Section 2.

## FORFEITURES

1. The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. From their engagement in the violations alleged in Counts One and Three through Seven of this Indictment, said violations being punishable by imprisonment for more than one year, the defendants,

**MARIO BYRD
and
CORNELIUS WHITFIELD,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), any and all right, title, and interest they may have in:

  a. property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

  b. property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited under the provisions cited above in paragraph 2 include, but are not limited to, the following:

  a. $260 in United States currency,

  b. scales, and

  c. drug paraphernalia.

4. From their engagement in the violation alleged in Count Two of this Indictment, said violation being punishable by imprisonment for more than one year, the defendants,

**MARIO BYRD**
**and**
**CORNELIUS WHITFIELD,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense. The firearms and ammunition to be forfeited include, but are not limited to:

- a. 9mm Beretta semi-automatic handgun, Serial #BER272266Z,
- b. .357 Taurus revolver handgun, Serial #5130635,
- c. 9mm Taurus semi-automatic handgun, Serial #PT99AF,
- d. .357 Smith and Wesson revolver handgun, Serial #6D05073,
- e. 9mm Hi Point semi-automatic handgun, Serial #P1366845,
- f. 9mm Makarov semi-automatic handgun, Serial #PM10331, and
- g. various ammunition, magazines, clips, and holsters.

5. If any of the property described above, as a result of any act or omission of the defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty.

the United States of America shall be entitled to, and shall pursue, forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _____
MATTHEW H. PERRY
Assistant United States Attorney

_____
JAMES C. PRESTON, JR.
Assistant United States Attorney
Deputy Chief, Narcotics Section