UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:09-CR-417-T-30MAP

CORNELIUS WHITFIELD

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, Cornelius Whitfield, and the attorney for the defendant, Jeff Brown, mutually agree as follows:

A.   **Particularized Terms**

  1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Count One charges the defendant with conspiracy to possess with intent to distribute 5 grams or more of cocaine base, a quantity of cocaine, and less than 50 kilograms of marijuana in violation of in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D).

Count Two charges the defendant with using, carrying, and possessing, firearms during and in relation to and in furtherance of a federal drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

Defendant's Initials CW                                     AF Approval _____

2. Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to Life in prison, a fine of up to $4,000,000.00, a term of supervised release of at least 8 years, and a special assessment of $100 due on the date of sentencing.

Count Two is punishable by a mandatory minimum term of imprisonment of 7 years up to Life imprisonment, a fine of up to $250,000.00, a term of supervised release of not more than 5 years, and a special assessment of $100 due on the date of sentencing.

In addition, the sentence for Count Two must be imposed consecutive to any sentence imposed on Count One to be.

3. Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a maximum sentence of Life imprisonment may be imposed on Count One because the following facts have been admitted by the defendant and are established by this plea of guilty:

That there were 5 grams or more of cocaine base involved in the conspiracy alleged in Count One.

4. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the Indictment; and

Defendant's Initials C.V.    2

>Second: That the defendant knowing the unlawful purpose of the plan, willfully joined in it.

The elements of Count Two are:

>First: That the defendant committed the drug trafficking offense charged in Count One of the Indictment;
>
>Second: That during the commission of that offense, the defendant knowingly used and carried, and possessed a firearm, as charged; and
>
>Third: That the defendant used and carried the firearm during and in relation to, and possessed the firearm in furtherance of, the drug trafficking offense.

5. Counts Dismissed

At the time of sentencing, the remaining count against the defendant, Counts Three, Four, Six, and Seven will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement, on the condition that defendant fully disclose said offenses to federal law enforcement authorities.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment

Defendant's Initials _C W_    3

for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _CW_    4

9. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10. <u>Guilty Plea Before United States Magistrate Judge</u>

In the event the defendant chooses to enter a guilty plea before the United States Magistrate Judge, the defendant knowingly and voluntarily agrees to waive his right to file any objections to the Report and Recommendation concerning the plea pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 6.02. Defendant acknowledges that he shall be barred from attacking the Report and Recommendation before the assigned United States District Judge and agrees that the guilty plea shall become final immediately.

11. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for

Defendant's Initials _CL_        5

interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

12. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials CW          6

13. <u>Cooperation - Responsibilities of Parties</u>

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses

Defendant's Initials _CLV_    7

punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or

Defendant's Initials _CW_    8

in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

14. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

    a. 9mm Beretta semi-automatic handgun, Serial #BER272266Z,

    b. .357 Taurus revolver handgun, Serial #5130635,

    c. 9mm Taurus PT99 semi-automatic handgun, Serial #L31350,

    d. .357 Smith and Wesson revolver handgun, Serial #6D05073,

    e. 9mm Hi Point semi-automatic handgun, Serial #P1366845,

    f. 9mm Makarov semi-automatic handgun, Serial #PM10331, and

    g. various ammunition, magazines, clips, and holsters.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the

Defendant's Initials _C W_     9

property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the

Defendant's Initials _C V_     10

defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

### B. Standard Terms and Conditions

#### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a

Defendant's Initials _C W_    11

special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the

Defendant's Initials _C  vv_    12

defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court or United States Probation Office may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to

Defendant's Initials _____   13

appeal defendant's sentence or to challenge it collaterally, including the filing of a 28 U.S.C. § 2255 petition, on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the statutory maximum penalty; or (b) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _C W_    14

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _CV_          15

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

On March 20, 2009, the St. Petersburg Police Department (SPPD) "tip" line received information from a citizen regarding drug sales occurring at a residence located at 3754 12th Avenue South, in St. Petersburg, Pinellas County, Florida.

As a result, on April 6, 2009, SPPD Detective Furse used a confidential informant (CI) to purchase cocaine base (crack) from inside that residence. Detective Furse (undercover) and the CI were let into the residence by Mario Byrd. Cornelius Whitfield was also present inside the residence and the CI told Whitfield he wished to purchase $40 worth of crack. Whitfield then sold the CI 0.5 grams of crack and did so while he was holding a semi-automatic handgun. Mario Byrd was also holding a semi-automatic handgun and a revolver at that time.

Later on April 6, 2009, SPPD Detective Furse (undercover), along with the CI, again purchased crack from inside the residence. This transaction was recorded on audio tape. At that time, Mario Byrd answered the door and allowed the CI and Detective Furse inside. Mario Byrd was holding two handguns and Cornelius Whitfield, who was sitting on a couch, was holding a semi-automatic handgun and pointing it at Detective Furse and the CI. Detective Furse provided Whitfield with $100 and Whitfield obtained some crack cocaine from an "Air Jordan" shoe box and handed it to Detective

Defendant's Initials C.V.        16

Furse. However, there was not enough crack cocaine in the shoe box to complete the transaction so Whitfield entered the kitchen and obtained more crack from a cabinet above the sink area of the kitchen. The purchased crack weighed 1.2 grams.

On April 7, 2009, Detective Furse provided the CI with $80 and instructed the CI to purchase crack from inside the residence. The CI was allowed into the residence by Mario Byrd and then purchased 0.7 grams of crack from him. Mario Byrd carried a semi-automatic handgun tucked in the waistband of his pants while selling the crack.

On April 8, 2009, the CI was provided with $80 and instructed to again purchase crack from inside the residence. The CI was allowed into the residence by Cornelius Whitfield, who was carrying a blue revolver in his right rear right pants pocket, and the CI then purchased 0.6 grams of crack retrieved by Mario Byrd from a cabinet in the kitchen area. At that time, there was also a black revolver sitting on the couch inside the residence.

Later on April 8, 2009, SPPD executed a search warrant at the residence. Cornelius Whitfield was observed running away from the house but was quickly arrested. After his arrest, Cornelius Whitfield admitted he had been selling drugs from the residence.

Inside the residence, the SPPD police found and seized a bag of marijuana weighing 9.7 grams; a large bag containing 42 individual small bags of marijuana packaged for sale and weighing approximately 40 grams; a black digital scale with cocaine residue; three pyrex pots with cocaine residue; a black plastic cup containing 12.7 grams of crack; a clear bag containing approximately 22.5 grams of crack; a clear bag containing approximately 10 grams of powder cocaine; a clear bag containing

Defendant's Initials _____   17

approximately 1.5 grams of powder cocaine; a large plastic bag containing approximately 227 grams of marijuana; a clear bag containing approximately 7.5 grams of crack; a loaded 9mm Beretta semi-automatic handgun, Serial #BER272266Z; a .357 Taurus revolver handgun, Serial #5130635; a 9mm Taurus PT99 semi-automatic handgun, Serial #L31350; a .357 Smith and Wesson revolver handgun, Serial #6D05073; a 9mm Hi Point semi-automatic handgun, Serial #P1366845; a 9mm Makarov semi-automatic handgun, Serial #PM10331, and various ammunition, magazines, clips, and holsters.

In conclusion, Mario Byrd and Cornelius Whitfield conspired with others to possess with intent to distribute 5 grams or more of crack cocaine, a quantity of powder cocaine, and less than 50 kilograms of marijuana from the residence mentioned herein from at least March 2009 and continuing through April 8, 2009. During the conspiracy, Mario Byrd and Cornelius Whitfield each used, carried, possessed, and brandished one or more of the firearms mentioned herein during and in relation to and in furtherance of their drug trafficking conspiracy to protect themselves and prevent robberies of their drugs and proceeds.

10   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _C.W_     18

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___2___ day of ~~November~~ December, 2009.

A. BRIAN ALBRITTON
United States Attorney

_Cornelius Whitfield_  By: _Matthew H. Perry_
CORNELIUS WHITFIELD          MATTHEW H. PERRY
Defendant                    Assistant United States Attorney

_Jeff Brown_                 _James C. Preston_, 12-3-09
JEFF BROWN                   JAMES C. PRESTON
Attorney for Defendant       Assistant United States Attorney
                             Deputy Chief Narcotics Section